MEMORANDUM *
Martin Murillo Barriga challenges the sufficiency of the evidence underlying his conviction for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) and 21 U.S.C. § 846, and the substantive reasonableness of his 200-month sentence. Isidro Madrigal Galvan challenges the sufficiency of the government’s evidence that he constructively possessed firearms found in a storage unit rented by his wife. Both defendant-appellants challenge the district court’s admission of a government exhibit showing the telephone contacts between the members of the conspiracy. We have *793 jurisdiction under 28 U.S.C. § 1291, and we affirm.
1. There was sufficient evidence for a rational jury to convict Murillo Barri-ga of conspiring to distribute methamphetamine. See United States v. Herrera-Gonzalez, 263 F.3d 1092, 1095 (9th Cir.2001) (“We review sufficiency of evidence challenges to determine whether ‘viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.’ ” (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979))). The jury heard testimony from several witnesses that Murillo Barriga was running a methamphetamine distribution conspiracy out of his house. The jury also heard testimony from surveillance officers that during their surveillance of several controlled buys of methamphetamine from Madrigal Galvan, the officers observed Madrigal Galvan come and go from Murillo Barriga’s house before and after making the sales.
2. The district court was within its discretion not to give Murillo Barriga the benefit of his co-defendants’ cooperation. United States v. Carter, 560 F.3d 1107, 1121 (9th Cir.2009). Therefore, we conclude that Murillo Barriga’s sentence was not substantively unreasonable.
3. Viewing the evidence at trial in the light most favorable to the prosecution, a rational jury could find beyond a reasonable doubt that (1) Madrigal Galvan’s wife Renee Gomez rented the storage unit for Madrigal Galvan’s use in the methamphetamine distribution conspiracy, and (2) Madrigal Galvan had knowledge of and dominion and control over the storage unit’s contents, including the methamphetamine and firearms concealed in the speaker box in the unit. See United States v. Thongsy, 577 F.3d 1036, 1041 (9th Cir.2009) (“A person has constructive possession when he or she knowingly holds ownership, dominion, or control over the object and the premises where it is found.” (internal quotation marks omitted)). The trial testimony was uniformly that Gomez’s role in the conspiracy was to assist Madrigal Galvan. Gomez accompanied Madrigal Galvan when he sold methamphetamine, rented a motel room for Madrigal Galvan to distribute drugs, and put several vehicles used by the conspiracy in her name. Viewed in the light most favorable to the government’s case, this circumstantial evidence was sufficient for a reasonable jury to find that Madrigal Galvan constructively possessed the drugs and firearms in the storage unit. See United States v. Smith, 962 F.2d 923, 929-30 (9th Cir.1992) (“In the absence of actual possession, constructive possession may be demonstrated if the defendant has the authority to dispose of the drug, either personally or through an agent, or if he is a participant in a joint venture, thereby sharing dominion and control over the drug with the other participants.” (emphasis added)); United States v. Hernandez, 876 F.2d 774, 778 (9th Cir.1989) (“[C]oordi-nated activity among the defendants raises a reasonable inference of a joint venture, particularly in light of the evidence of [the defendants’ romantic] relationship.”).
4. The district court did not abuse its discretion by admitting the government’s telephone-links chart because the evidence underlying the challenged links between Fraicx Castrellon Miramontes and Murillo Barriga on the chart was admissible. See United States v. Meyers, 847 F.2d 1408, 1411-12 (9th Cir.1988). The chart summarized 'Castrellon Mira-montes’s testimony about how he contacted Murillo Barriga, as well as data from Castrellon Miramontes’s contact list contained in the forensic report of Castrellon Miramontes’s cell phone’s cohtents, which *794 defense counsel moved to have admitted. The district court did not abuse its discretion by admitting the chart summarizing the testimony and the voluminous, admissible data. See id.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.